UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL CASE NO. 06-39-DLB-CJS
CIVIL ACTION NO. 15-7401-DLB-CJS

UNITED STATES OF AMERICA                                PLAINTIFF

v.                      **REPORT AND RECOMMENDATION**

DANIEL RELIFORD                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which Motion was filed on May 28, 2015. (R. 84). According to local practice, this matter has been referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and for preparation of a report and recommendation under 28 U.S.C. § 636(b). Examination of this Motion reveals that it is a "second or successive" § 2255 Motion under 28 U.S.C. § 2255(h). Accordingly, it will be recommended that this Motion be **transferred** to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that a district court should transfer to the Sixth Circuit a second or successive § 2255 Motion filed directly with a district court).

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On May 10, 2006, a federal grand jury returned an Indictment against Defendant, charging him with conspiracy to distribute crack cocaine, possession with intent to distribute 5 grams or more

of crack cocaine, possession of a firearm in furtherance of drug trafficking crimes, possession of a firearm by a convicted felon, and forfeiture. (R. 1). On November 3, 2006, pursuant to a written Plea Agreement, Defendant pleaded guilty to Count 2, possession with intent to distribute 5 grams or more of crack cocaine, and Count 6, forfeiture. (R. 32, 64). On April 9, 2007, United States District Judge William O. Bertelsman sentenced Defendant to a 196-month term of incarceration. (R. 49). Defendant did not file a direct appeal.

On April 23, 2008, Defendant filed his first 28 U.S.C. § 2255 Motion in this matter. (R. 54). In that Motion, Defendant argued that his counsel provided ineffective assistance when his attorney failed to adequately explain the waiver provision contained in his Plea Agreement; failed to effectively investigate the facts of his case; and failed to challenge the Defendant's designation as a career criminal. (*Id*.). Magistrate Judge J. Gregory Wehrman ordered Defendant to file a "more complete petition, specifically identifying the facts and circumstances underlying his claims." (R. 57). In Defendant's supplemental filing, he argued his plea was not knowing and voluntary because it was induced by his counsel's "material misadvice." (R. 59). Specifically, Defendant argued his counsel incorrectly told him that: he would receive a sentence between 12 and 16 years; he would retain his rights to appeal and collaterally attack his sentence; and he would not incur an enhancement for the firearm. (*Id*.). On December 4, 2008, Magistrate Judge Wehrman entered a Report and Recommendation wherein he recommended denying the § 2255 Motion on the basis that the waiver contained in the Plea Agreement barred collateral review. Magistrate Judge Wehrman also provided a limited alternative merits review, finding that Defendant's claims lack merit. (R. 68). Defendant filed Objections to the Report and Recommendation. (R. 69). On January 5, 2009,

District Judge Bertelsman overruled Defendant's Objections, adopted Magistrate Judge Wehrman's Report and Recommendation and denied Defendant's Motion. (R. 70). Defendant did not appeal.

On March 10, 2009, Defendant filed a Motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based upon the retroactive effect of the 2008 Amendments to the United States Sentencing Guidelines for crack cocaine offenses. (R 72). Judge Bertelsman denied Defendant's Motion, finding Defendant was not entitled to a reduction in his term of imprisonment under the Amendments because his Guideline range was determined under the career offender enhancement, § 4B1.1 of the United States Sentencing Guidelines, which was not affected by the Amendments. (R. 74).

On October 24, 2011, Defendant filed a second Request for a Sentence Reduction under 18 U.S.C. § 3582(c)(2) based upon the retroactive crack cocaine Guideline Amendments effective November 1, 2011. (R. 75). This matter was reassigned to United States District Court Judge David L. Bunning, who denied Defendant's Motion. Judge Bunning found that Defendant was sentenced under the career offender enhancement, and thus his Guideline range was not affected by the 2011 crack cocaine Amendments. (R. 80).

On May 28, 2015, Defendant filed his second § 2255 Motion, which is now before the Court. (R. 84). In that Motion, he again argued that his counsel provided ineffective assistance in failing to object to the career offender enhancement and states he is actually innocent of the offense of being a "career offender." (R. 84, at 4; R. 84-1, at 11-12).

II.     ANALYSIS

As a threshold matter, the Court must consider whether it has jurisdiction to address the pending Motion. As explained above, this is the second time that Defendant has pursued collateral

relief through a § 2255 Motion. (*See* R. 54, 84). This Court lacks jurisdiction to adjudicate a second or successive § 2255 motion unless the Sixth Circuit has authorized its filing. *See* 28 U.S.C. §§ 2244(a), 2255(h); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 9 ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

A § 2255 motion is considered second or successive if a prior § 2255 motion was fully adjudicated on the merits and appellate remedies have been exhausted. *See cf. Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("When a habeas petitioner files a motion attacking the merits of a conviction or sentence after the adjudication of her habeas petition is complete–meaning that the petitioner has lost on the merits and has exhausted her appellate remedies–the motion, irrespective of its characterization, is really a second or successive habeas petition."); *In re Mazzio*, 756 F.3d 487, 489 (6th Cir. 2014) ("Because [defendant] filed a § 2255 in 2004, the current motion is his second" and must be certified by the court of appeals before the district court may consider the new claim.).

Here, as discussed above, Defendant's original § 2255 Motion was denied on the merits by District Judge Bertelsman, and Defendant did not appeal. (R. 68, 70). Defendant has now filed the pending § 2255 Motion, his second, again challenging his original sentence. As his first § 2255 Motion has been adjudicated and his time to appeal that decision has now passed, the pending matter constitutes a "second or successive" motion. *See Eziolisa v. United States*, No. 13-4344 (6th Cir. Sept. 19, 2014) (noting first § 2255 motion denied because barred by waiver in plea agreement and thus second § 2255 motion should have been transferred to Sixth Circuit for authorization to pursue

second § 2255 motion). Thus, the current motion is procedurally barred unless the Sixth Circuit determines that Defendant has presented new factual evidence or demonstrated a new rule of constitutional law and thereby authorizes its filing in the district court. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see also* 28 U.S.C. § 2255(h) (providing standard for certification of second or successive motion).

The docket of this matter fails to reflect that Defendant obtained an order from the Sixth Circuit authorizing this Court to consider a second § 2255 Motion. Accordingly, without such authorization from the Sixth Circuit, this Court lacks jurisdiction to consider the pending § 2255 Motion.[1] *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (noting that the district court was without jurisdiction to entertain second or successive habeas application for which petitioner did not seek, much less obtain, authorization to file from the appropriate court of appeals); *United States v. McDonald*, 326 F. App'x 880, 883-84 (6th Cir. 2009) ("federal prisoners only have the right to file one motion under § 2255; all subsequent § 2255 motions may only be filed by leave of the appropriate circuit court of appeals"). When a "second or successive" motion such as this one is filed in the district court without prior appellate authorization, the appropriate disposition is to transfer the case to the court of appeals under 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d at 47.

---

[1] While it appears Defendant's claim may be barred because he presented essentially the same claim in his first § 2255 motion, that decision must be made by the Sixth Circuit, not this Court. *See In re Liddell,* 722 F.3d 737, 738 (6th Cir. 2013) (denied authorization to file second or successive § 2255 motion, in part, because one claim already raised in initial § 2255 motion and thus was barred)*; Charles v. Chandler,* 180 F.3d 753, 758 (6th Cir. 1999) (denied permission to file successive § 2255 because defendant sought to file same claims already denied on the merits in his first motion)*; United States v. Acosta*, No. 2:03-74-JBC, ECF No. 228 (E.D. Ky. Aug. 3, 2006) (court transferred to Sixth Circuit motion that sought authorization to file second § 2255 motion asserting essentially the same claims as in his first unsuccessful § 2255 motion), *denying leave to file successive motion*, *In re Acosta*, 480 F.3d 421, 422-23 (6th Cir. 2007) (finding valid waiver of right to collaterally attack sentence).

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that the Motion to Vacate, Set Aside, or Correct Sentence under § 2255 (R. 84) be **transferred** to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1631, for a determination of whether Defendant will be granted authorization to file a second or successive § 2255 motion.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 16th day of June, 2015.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\successive petitions\06-39- R&R successive petition.wpd